U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2015 JAN 15 P 1:56

JON W. SANFILIPPO
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

        Plaintiff,

   v.

MICHAEL R. ENEA,

        Defendant.

Case No. **15 -CR008**
[18 U.S.C. §§ 2 and 1343 and
26 U.S.C. § 7206(1)]

---

## INFORMATION

---

### COUNT ONE
(Wire fraud: 18 U.S.C. § 1343)

THE UNITED STATES ATTORNEY CHARGES:

1. Beginning in approximately July 2006 and continuing thereafter until approximately May 2013, in the State and Eastern District of Wisconsin and elsewhere,

**MICHAEL R. ENEA,**

having devised a scheme to defraud and to obtain money by means of material false and fraudulent pretenses and representations (the "scheme"), which scheme is more fully described below, did knowingly cause wire communications to be transmitted in interstate commerce for the purpose of executing his scheme.

### The Scheme

2. Enea's scheme to defraud and to obtain money by means of material false and fraudulent pretenses and representations was essentially as follows:

a. Enea perpetrated a scheme to defraud commonly referred to as a *Ponzi* scheme.

b. Enea approached individuals residing in Wisconsin, Illinois, Pennsylvania and elsewhere, and offered them the opportunity to invest in "credit card processing portfolios."

c. Enea told prospective investors that these portfolios entitled investors to receive periodic (monthly or quarterly) "residual payments," which were based on the fees merchants paid to process credit card transactions.

d. Enea represented that the investment would be in the form of a partnership, in which both he and the investor would contribute funds to purchase a portfolio and that each would receive a proportionate share of the residual payments.

e. Enea promised investors annual returns typically ranging from 20% to 35%.

f. Enea provided investors with partnership agreements describing the terms of their investments, as well as periodic statements detailing their investments and the residual fees purportedly paid by the portfolios.

g. Based on Enea's representations, investors gave Enea more than $2.1 million to purchase portfolios.

h. In fact, Enea never used investor funds to purchase credit card processing portfolios.

i. Instead, Enea used investor funds to pay his own personal expenses and to make payments to other investors to make it appear that he had actually purchased portfolios.

2

3. As a result of his scheme, Enea fraudulently obtained funds from more than 10 investors.

4. As a further result of Enea's scheme, investors suffered a net loss of more than $750,000.

5. On or about May 4, 2012, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL R. ENEA,**

for the purpose of carrying out his scheme and attempting to do so, caused to be transmitted in interstate commerce a wire transfer of funds in the amount of $50,000 from a bank account belonging to an investor located in Pennsylvania to a bank account controlled by Enea located in West Bend, Wisconsin.

All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT TWO
(False Tax return: 26 U.S.C. § 7206(1))

THE UNITED STATES ATTORNEY FURTHER CHARGES:

6. On or about April 15, 2013, in the State and Eastern District of Wisconsin and elsewhere,

**MICHAEL R. ENEA,**

did willfully make and subscribe a joint United States Individual Income Tax Return (Form 1040, hereinafter "return") for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return Enea did not believe to be true and correct as to every material matter in the following respects:

    a. While Enea did not report as income any of the payments he had received from investors during 2012, Enea included with the return a Schedule C, Profit or Loss from Business, on which he falsely claimed as business expenses payments he had made to investors during 2012;

    b. Enea reported a business loss of $15,380, when, in fact, as Enea well knew he had business income substantially in excess of this amount;

    c. Enea reported Adjusted Gross Income for 2012 of $3,662, when, in fact, as Enea well knew, he had Adjusted Gross Income for 2012 substantially in excess of this amount;

    d. Enea reported Taxable Income for 2012 of $0 when, in fact, as Enea well knew, he had Taxable Income for 2012 substantially in excess of this amount;

e. Enea reported Total Tax for 2012 of $0 when, in fact, as Enea well knew, he had Total Tax for 2012 substantially in excess of this amount; and

f. Enea claimed entitlement to an Earned Income Credit for 2012 in the amount of $2,202, when, in fact, as Enea well knew, he was not entitled to this credit.

All in violation of Title 26, United States Code, Section 7206(1).

January 15, 2015
Date

JAMES L. SANTELLE
United States Attorney